## MACHEN v. BOWLES, Price Adm'r.

### No. 46.

United States Emergency Court of Appeals.

Heard at Washington Dec. 14, 1943.

Decided Dec. 17, 1943.

R. Contee Rose, of Baltimore, Md. (Arthur W. Machen, of Baltimore, Md., on the brief), for complainant.

Sol M. Linowitz, Chief, Court Review Rent Branch (Henry M. Hart, Jr., Acting Gen. Counsel, Nathaniel L. Nathanson, Associate Gen. Counsel, and Herbert H. Bent, Atty., all of Office of Price Administration, all of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and MAGRUDER and LAWS, Judges.

PER CURIAM.

Complainant herein claims to be aggrieved by an order of the Price Administrator denying his protest against Maximum Rent Regulation No. 24 for the Baltimore Defense-Rental Area. The protest asserted the invalidity of the regulation on various grounds and also challenged the constitutionality of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. Since the present complaint was filed we have rendered decisions in several other cases which, so far as this Court is concerned, cut the ground from under complainant's argument and objections. Chatlos v. Brown, Em.App., 136 F. 2d 490; Wilson and Bennett v. Brown, Em.App., 137 F.2d 348; Lakemore Co. v. Brown, Em.App., 137 F.2d 355; Taylor v. Brown, Em.App., 137 F.2d 654; Spaeth v. Brown, Em.App., 137 F.2d 669; Northwood Apts., Inc., v. Brown, Em.App., 137 F.2d 809. See also Rottenberg v. United States, 1 Cir., 1943, 137 F.2d 850.

At the oral argument counsel for complainant urged that complainant was entitled to an adjustment of his maximum rents under Section 5(a) (4) of the Regulation, because his rents on the maximum rent date were materially affected by a special relationship between landlord and tenant and as a result were substantially low-

er than the rentals generally prevailing for comparable housing accommodations. This claim was not made in the protest and was not considered by the Administrator in his opinion denying the protest. It is, therefore, not available to the complainant in this proceeding. The Administrator's Procedural Regulation No. 3 provides that petitions for adjustment under the various adjustment provisions of the rent regulations shall be filed with the Area Rent Director. It is still open to complainant to file such a petition. The present proceedings, however, originated in a protest filed with the Administrator attacking the validity of the regulation itself and not seeking an adjustment under its terms.

The complaint is dismissed.